## BEFORE THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MAHDI M. SHABAZZ,

     Plaintiff,

v.

DISTRICT OF COLUMBIA COURT
SUPERVISION OFFENDER SERVICES
AGENCY, NANCY WARE, YOLANDA
STOKES, & JENNIFER COUNTS-WURIE;

and

STATE OF MARYLAND DEPARTMENT OF
PUBLIC SAFETYAND CORRECTIONAL
SERVICES, CAROLYN SHELTON,
ELIZABETH BARTHOLOMEW, &
MICHAEL PARKER,

     Defendants.

Civil Action No. 17-476

Civil Rights Complaint

Jury Trial Requested

## COMPLAINT

Mahdi M. Shabazz (hereinafter Mr. Shabazz) brings this civil action for monetary damages against the District of Columbia Court Supervision Offender Services (hereinafter DC CSOSA) and various DC CSOSA employees for violations of Mr. Shabazz's Fifth and Sixth Amendment rights. Employees of DC CSOSA operated under color of District of Columbia law to impose on Mr. Shabazz stipulations that severely impacted fundamental aspects of his life, by requiring him to be placed on the sex registry list in the State of Maryland, without option of a jury trial. Mr. Shabazz also brings suit against the State of Maryland's Department of Public Safety and Correctional Services (hereinafter MDDPSCS) and various MDDPSCS employees for operating under color of the law of the State of Maryland by actually forcing him to register

1

as well as committing several other torts against Mr. Shabazz and violating his state constitutional rights.

**PARTIES**

1. Mr. Shabazz was born December 24, 1961. He currently resides in Montgomery County, Maryland. Mr. Shabazz is a Muslim, African-American, who prior to his placement on the sex registry list was known for his work in the African American community.

2. DC CSOSA is a Federal Agency charged with maintaining a central registry of sexual offenders, receiving and distributing communications relating to the registration of sexual offenders, and making available to the public information about registrants. DC CSOSA is located in the District of Columbia.

3. MDDPSCS is a state agency of Maryland that maintains a central registry of sexual offenders, receives and distributes communications relating to the registration of sexual offenders, and makes available to the public information about registrants. MDDPSCS is located in Maryland.

4. Nancy Ware, Director of DC CSOSA, at all times relevant to this complaint, is a DC CSOSA employee and she is being sued in her official and individual capacity. Ms. Ware works at 633 Indiana Avenue, NW, Washington, DC 20004.

5. Thomas H. Williams, Associate Director of DC CSOSA, at all times relevant to this complaint, is a DC CSOSA employee and he is being sued in his official and individual capacity. Mr. Williams works at 300 Indiana Avenue, NW, 2nd Floor, Suite 2132, Washington, DC 20004.

6. Yolanda Stokes, Sex Offender Registry Specialist, at all times relevant to this complaint, is a DC CSOSA employee and she is being sued in her official and individual capacity. Ms. Stokes works at 300 Indiana Avenue, NW, Room 2070, Washington, DC 20004.

7. Jennifer Counts-Wurie, at all times relevant to this complaint, is a DC CSOSA employee and she is being sued in her official and individual capacity. Ms. Counts-Wurie works at 25 K Street, NE, Washington, DC 20002.

8. Elizabeth Bartholomew, Manager of the Sex Offender Registry Unit, at all times relevant to this complaint, is an MDDPSCS employee and is being sued in her official and individual capacity. Ms. Bartholomew works at 300 East Joppa Road, Towson, MD 21286.

9. Carolyn Shelton, Director of the Sex Offender Registry Unit, at all times relevant to this complaint, is an MDDPSCS employee and is being sued in her official and individual capacity. Ms. Shelton works at 6776 Reistertown Road #205, Baltimore, MD 21215.

10. Michael Parker, Detective with MDDPSCS and the Maryland Sex Offender Registry, at all times relevant to this complaint, is an MDDPSCS employee and is being sued in his official and individual capacity.

**JURISDICTION**

11. This action arises under the Fifth and Sixth Amendments to the Constitution of the United States; Maryland Declaration of Rights, Article 17, of the Maryland State Constitution; Maryland Tort Claims Act §12-101; 42 U.S.C. §1983; 42 U.S.C. §1985; *Bivens v Six Unknown Named Agents*; and Title VI.

12. This court has original jurisdiction over Plaintiff's constitutional and federal law claims pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343(a).

13. This court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) because they are part of the same case and controversy described in Plaintiff's federal claims; this court also has independent original jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1332 because this action is between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

14. Venue is proper in the District Court of the District of Columbia pursuant to 28 U.S.C. §§ 1391(b)(2) and (e)(1)(B).

15. Mr. Shabazz has exhausted all administrative remedies in Maryland.

16. Mr. Shabazz is waiting to exhaust his administrative remedies under the Federal Torts Claims Act (hereinafter FTCA), but brings Constitutional claims against DC CSOSA in this complaint for monetary damages, *inter alia*, due to hardships in seeking employment caused by the actions of Defendants and therefore has good cause to, and reserves all rights to, amend the complaint to include torts committed by DC CSOSA once Mr. Shabazz exhausts his administrative remedies pursuant to the FTCA.

**STATEMENT OF FACTS**

17. On June 30, 2010, Mr. Shabazz was charged with two crimes in the Superior Court of the District of Columbia, Criminal Division.

18. One of the charges was a count of misdemeanor sexual abuse "in violation of 22 D.C. Code Section 3006." (Exhibit A)

19. The other charge was a count of assault "in violation of 22 D.C. Code, Section 404." *Id.*

20. Both of the charges were acts that were alleged to have occurred in a bank located in Washington, DC. His accuser is and was an adult woman.

21. On December 10, 2010, Mr. Shabazz faced trial for the two charges filed June 30, 2010. *Id*.

22. Because neither charge carried a maximum penalty greater than 180 days imprisonment, Mr. Shabazz was not given the option of a jury trial.

23. In the bench trial, Mr. Shabazz was convicted (1) on the misdemeanor sex abuse charge and sentenced on the same day to 180 days incarceration, execution of which was suspended "as to all but 12 days," and to supervised probation for 18 months and (2) was convicted on the misdemeanor assault charge and sentenced to 180 days incarceration, execution of which was suspended "as to all but 12 days," and to supervised probation for 18 months.  Both sentences were to be served concurrently. (Exhibit B)

24. On December 22, 2010, and pursuant to court order, Mr. Shabazz reported to DC CSOSA, complying with his supervised probation.

25. Upon learning Mr. Shabazz was a Montgomery County resident, Sex Offender Registry Specialist Yolanda Stokes (hereinafter Ms. Stokes) prepared to transfer Mr. Shabazz's case file to the Maryland Department of Public Safety and Correctional Services (hereinafter MDDPSCS).

26. Ms. Stokes, upon information and belief, received instruction from Jennifer Counts-Wurie (hereinafter Ms. Wurie) directing Ms. Stokes to inform MDDPSCS that Mr. Shabazz was a sex offender and should register on the Maryland Sex Offender list. (Exhibit C)

27. Ms. Stokes followed the instructions of Ms. Wurie. *Id*.

28. Ms. Stokes acknowledged by e-mail, while speaking of Mr. Shabazz, that "this offender is not required to register now for DC, we aren't under Adam Walsh, but Maryland is so here are his documents…." (Exhibit D)  Here, Ms. Stokes and Ms. Wurie showed too much

willingness to place someone on another state's sex offender registry list who had been convicted of a misdemeanor, without option of a jury trial, and without violating any law requiring placement on the sex registry in DC.  As a sex offender registry specialist, she should have known that the laws of another state are outside her purview and making recommendations to another jurisdiction for sexual registry referral can *only be done by court order*.

29.  The Maryland law that Ms. Stokes notes as her basis for recommending that Maryland require Mr. Shabazz to register as a sex offender, the Adam Walsh Act, should never in fact have been applied to him.  The date of his offense was May 20, 2010.  However, the Walsh Act did not go into effect in Maryland until October 1, 2010 or September 30, 2010.

30.  Not only did Maryland law not apply to Mr. Shabazz, but under DC law, the misdemeanor offense of which he was convicted was and is not a registrable offense.  DC Code §22-4016(b)(3) makes clear that registering as a sex offender can be part of a sentence *only* if one of either two circumstances is met:  (1) the convicted offense is a felony (which requires option of a jury trial) or (2) if the defendant accepts registering as part of a plea agreement, which the court would then have to explicitly include in its order.

31.  In Mr. Shabazz's case, he was convicted of a misdemeanor, did not have option of a jury trial, did not accept a plea agreement, and the court did not explicitly include having Mr. Shabazz register as a sex offender.

32.  Even though Mr. Shabazz objected to DC CSOSA's recommendation, both that day, and in the days, weeks, months, and years subsequent, Mr. Shabazz was forced to register with the Maryland sex registry as a Tier I, Fourth Degree sex offender for a period of fifteen years beginning December 28, 2010.

33. From December 28, 2010 on, Mr. Shabazz has suffered extreme hardship, physical pain and suffering, and emotional and psychological damage as a result of DC CSOSA arbitrarily and extra-judicially telling MDDPSCS to place him on the sex registry and MDDPSCS illegally forcing him to register.

34. Notwithstanding that no legal basis existed for MDDPSCS to force Mr. Shabazz to register with the Maryland sex registry in 2010, certainly beginning in 2013, with the ruling in *Doe v. Department of Public Safety and Corrections*, 430 Md. 535 (2013), MDDPSCS knew or should have known that Mr. Shabazz was erroneously on the list and removed him immediately.

35. From the time of his placement on the sex registry list, Mr. Shabazz even went so far as to repeatedly inform both MDDPSCS and DC CSOSA that his placement on the list was in error. (Exhibit E)

36. For example, in January 2012, Mr. Shabazz wrote Ms. Bartholomew and requested that he be removed from the registry. *Id*. In his letter, he included the applicable DC code sections (DC Code §§ 22-4014 & 22-4016) that showed he should never have been placed on the registry.  Despite overwhelming evidence that he should not be on the registry, Ms. Bartholomew denied his request, claiming that Mr. Shabazz's conviction was the equivalent of a State of Maryland Tier I, Fourth Degree sexual offense. (Exhibit F)  And when Mr. Shabazz was scheduled for a hearing about his status, Ms. Bartholomew e-mailed a colleague stating that Mr. Shabazz was required to register, lying that he touched another person's genitals, and claiming that "he can't sue you or anyone else.  We all have immunity from prosecution unless we are negligent." (Exhibit G).

7

37. Mr. Shabazz sent relevant legal analysis and supporting official evidentiary documents multiple times and called Ms. Bartholomew and Ms. Shelton a number of times (without ever receiving any call backs). Despite his repeated efforts and repeated MDDPSCS denials, MDDPSCS needed an additional four years and being forced into court before it finally removed Mr. Shabazz from the registry in August 2016. (Exhibit H) MDDPSCS and Ms. Bartholomew reversed themselves based on substantially the same evidence Mr. Shabazz had presented to them previously.

38. MDDPSCS and Ms. Bartholomew released Mr. Shabazz from the sex registry list August 24, 2016, ostensibly because he did not "meet the residency requirements." *Id.* However, the "residency requirements" in 2016 were the same ones that existed in 2010 when MDDPSCS illegally forced him to register and Mr. Shabazz was living at the same address during the entire time he was on the registry.

39. Being illegally on the Maryland sex register has harmed Mr. Shabazz grievously and irreparably. His damages include, and are not limited to, the following harms:

40. Being on the registry was central to Mr. Shabazz losing custody of his adopted child since birth. During custody proceedings, his status on the registry was used against him. Because being on the registry made Mr. Shabazz vulnerable to attack, defendants made accusations of child molesting against him. After a humiliating investigation, social services declared the accusations to be false.

41. Not only did the loss of the Minor child, then 8 years old, hurt Mr. Shabazz to his core, but also Minor child himself has been irreparably harmed: having lost a strong, loving father figure in Mr. Shabazz. Since 2011, Minor child has spiraled downward with behavioral problems, school disruptions, and several arrests in the District of Columbia and the State

of Maryland. When Minor child was taken from Mr. Shabazz, he was placed with an uncle, but because of the poor care and upbringing he received there, Minor child now lives with his biological father's girlfriend.

42. Being on the sex registry has destroyed Mr. Shabazz's reputation. Once people learned he was on the registry, which until recently was very easily found through a simple Internet search, they refused to work with him, rent to him, hire him, etc.

43. Because of intentional efforts on the part of MDDPSCS and Ms. Bartholomew, they compounded the travesty of defaming Mr. Shabazz as a registered sex offender by labeling him as a child sex offender, a pedophile, pursuant to their tiering system.

44. Mr. Shabazz's reputation has sustained irreparable damage because of articles in the *Washington Times* and the *Washington Examiner* listing him as a sex offender.

45. Being labeled a sex offender has impaired Mr. Shabazz's ability to raise money for The H.E.L.P. Foundation, which he founded many years ago to serve the needs of the community.

46. Being labeled a sex offender has severely curtailed Mr. Shabazz's professional opportunities and business ventures.

47. Being labeled a sex offender and its impacts on the Foundation and his professional and business opportunities has resulted in Mr. Shabazz losing income.

48. Being labeled a sex offender has led to judges using the information to bias other judges against Mr. Shabazz. (Exhibit I)

49. Being labeled a sex offender led Prince Georges County Public Schools to press Minor child to say Mr. Shabazz had molested him when Mr. Shabazz had not.

50. Being labeled a sex offender allowed a landlord to use the registry to deny Mr. Shabazz the ability to lease property and to try to intimidate witnesses to those actions in the ensuing suit by sending registry info to witness' employer.

51. Being labeled a sex offender has had a significant impact on Mr. Shabazz's physical and mental health as documented by medical and mental health professionals. (Exhibit J)

52. Being labeled a sex offender led to Det. Parker arresting Mr. Shabazz in March 2012 for failing to register, a charge he was convicted of.

53. Being placed on the sex registry list, led to Det. Parker mandatorily handing out flyers in Mr. Shabazz's neighborhood every six months informing old and new neighbors alike that Mr. Shabazz was a sex offender. (Exhibit K)

54. As a result of being labeled a sex offender, Mr. Shabazz continues to suffer extreme personal hardship to this day.

**COUNT ONE**
**FIFTH AMENDMENT VIOLATION**
(*Fields v. Durham*, 900 F. 2d 94)
(*Bolling v. Sharpe*)
**SIXTH AMENDMENT VIOLATION**
(*Duncan v Louisiana*, 391 US 145)
42 U.S.C. §1983; *Bivens v Six Unknown Named Agents*
Defendants – DC CSOSA, Nancy Ware, Thomas Williams, Jennifer Counts-Wurie, and Yolanda Stokes

55. Plaintiff incorporates paragraphs 1–54 as if alleged herein.

56. Only crimes classified as petty crimes are not subject to the Sixth Amendment's jury trial provision.

57. Crimes carrying possible sentences up to six months do not require the option of a jury trial if they otherwise qualify as petty offenses.

58. The penalty authorized for a particular crime is of major relevance in determining whether it is serious or not.

59. Ms. Wurie arbitrarily enhanced the petty crime Mr. Shabazz was convicted of to a major one, by instructing Ms. Stokes to recommend Mr. Shabazz be placed on the sex registry list against court order and in violation of DC Code §22-4016(b)(3), which requires either the option of a jury trial (felony charges), or the arrangement of a plea agreement, for placement on the sex registry list, neither of which were germane to Mr. Shabazz as he did not make a plea agreement nor was he charged with a felony.

60. Ms. Counts-Wurie herself made sure that Mr. Shabazz would have to register as a sex offender in Maryland by conspiring directly with Ms. Bartholomew.

61. By acting contrary to the intent of the District of Columbia legislature and recommending placement of Mr. Shabazz on the sex registry list without option of a jury trial or without Mr. Shabazz making a plea agreement DC CSOSA employee Ms. Wurie violated Mr. Shabazz's Fifth Amendment due process rights.

62. DC CSOSA, and supervisors Nancy Ware and Thomas Williams, failed to put safeguards in place that would prevent predictable due process violations stemming from interstate administration of sex registry cases.

63. The risk of deprivation of rights to people forced to register on the sex registry list in Maryland is foreseeable due to Maryland's unique intraday migratory relationship to the District of Columbia.

64. The record shows there was no protocol in place to handle such transfers and rather individual employees Ms. Counts-Wurie and Ms. Stokes were left sending emails to one another in an ad-hoc manner.

65. Ms. Stokes and Ms. Counts-Wurie were left to their own devices to interpret a federal statute (Adam Walsh Act), the Maryland Constitution, and the District of Columbia's statutory regime and neither employee is an attorney.

66. DC CSOSA, Ms. Ware, and Mr. Thomas failed to address these shortcomings with pre-deprivation procedures designed to avoid predictable outcomes arising from transferring probation cases to a border state such as Maryland.

67. This systemic failure is all the more egregious considering the consequences of erroneous placement on the sex registry list:

68. From extreme personal hardship such as that suffered by Mr. Shabazz.

69. To loss of public faith in the registry of which its effectiveness and utility depends on accurately identifying registrants.

70. As a direct result of the wrongful conduct of DC CSOSA, Ms. Ware, Mr. Thomas, Ms. Counts-Wurie, and Ms. Stokes, Mr. Shabazz's due process rights were violated leading to grievous injury and harm, and public faith in an important institution was undermined.

## COUNT TWO
## VIOLATIONS OF MARYLAND DECLARATION OF RIGHTS, ARTICLE 17
(*Doe v. Department of Public Safety and Corrections*, 430 Md. 535)
Defendants – MDDPSCS, Elizabeth Bartholomew, Carolyn Shelton

71. Plaintiff incorporates paragraphs 1–70 as if alleged herein.

72. In 1995, the Maryland General Assembly enacted the Maryland sex offender registration statute. 1995 Md Laws, Chap 142.

73. As enacted, the statute applied prospectively to sex offenders who committed their crimes after the statute went into effect on October 1, 1995.  1995 Md Laws, Chap 142, §3.

74. In 1997, the legislature amended the statute and created four classes of registrants: child sexual offender, offender, sexually violent offender, and sexual predator. The term of registration for sexual offenders remained the same, annually for ten years.

75. In 2009, the "prospective only" aspect of the statute was amended and registration was required of a sex offender who committed his or her crime before October 1, 1995 but was convicted on or after October 1, 1995, irrespective of when the offender was incarcerated or under supervision. Md. Code Ann., Crim. Proc. Art §11-702.1 (2001, 2008 Repl. Vol., 2009 Cum. Supp.); 2009 Md. Laws, Chap. 541.

76. Finally, effective October 1, 2010, the sex offender registration statute was amended again, and among other things, required retroactive registration of all persons who were already required to register on September 30, 2010, the day before the amendment went into effect. Md. Code Ann., Crim. Proc. Art §11-702.1(a)(2) (2001, 2008 Repl. Vol., 2009 Cum. Supp.)

77. At present, Maryland law requires those who are Tier I, Tier II, or Tier III sex offenders to register. Md. Code Ann., Crim. Proc. Art §11-702.1(a)

78. In turn, each tier requires a conviction for the specified Maryland offenses. Md. Code Ann., Crim. Proc. Art §11-702.

79. Each tier contains a provision stating that "conviction of a crime committed in a federal, military, tribal, or other jurisdiction that, if committed in this State, would constitute one of the crimes listed [in] this subsection," requires registration. Md. Code Ann., Crim. Proc. Art §11-702.1(o)(3), §11-702.1(p)(5) and §11-702.1(q)(5).

80. If one is convicted of a crime in another state or in the military and resides in or moves to Maryland, a determination must be made whether the out-of-state conviction would constitute one of the crimes listed within each tier.

81. At the time of the offense, May 20, 2010, Maryland law required those convicted of fourth degree sex offense to be categorized as an "offender" only if the victim was under the age of 18 and then only if ordered to register by the court. Md. Ann. Code, Art. 27, §792(a)(6)(iv).

82. Effective October 1, 2010, five months after the date of the offense in Mr. Shabazz's case, Maryland law was amended yet again to require registration for a period of fifteen years for those convicted of fourth degree sex offense notwithstanding the age of the victim or whether or not registration was ordered by the court. Md. Ann. Code, Crim. Proc. Art., §11-701(o).

83. The law was also amended to require retroactive application of the 2010 law. Md. Ann. Code, Crim. Proc. Art., §11-702.1.

84. In *Doe v. Department of Public Safety and Corrections*, 430 Md. 535 (2013), the Court of Appeals held that the 2009 and 2010 amendments to the Maryland Sex Offender Registration Act, requiring retroactive application of law, was unconstitutional under the Maryland Declaration of Rights, Article 17 prohibition against ex post facto laws.

85. Since the *Doe* decision in 2013 Defendants have known, or should have known, Mr. Shabazz's continued presence on the sex offenders list has violated Mr. Shabazz's state constitutional rights against retroactive application of laws since his accuser was an adult.

**COUNT THREE**
**NEGLIGENCE**
(COMMON LAW)
(MARYLAND TORT CLAIMS ACT §12-101)
Defendants – MDDPSCS, Elizabeth Bartholomew, Carolyn Shelton

14

86. Plaintiff incorporates paragraphs 1–85 as if alleged herein.

87. Since the date in 2013 when the *Doe* decision was handed down, Defendants have known or should have known Mr. Shabazz did not belong on the sex registry list.

88. Defendants did not remove Mr. Shabazz from the sex registry list until three years later in 2016, keeping Mr. Shabazz on the list for a total of six years.

89. Defendants had a duty to apply the applicable laws of the state to Mr. Shabazz's case file.

90. After 2013 the laws were so clear in favor of Mr. Shabazz's removal from the sex registry, no discretionary factors could possibly justify his continued presence on the list.

91. After Defendants were made aware of the *Doe* decision, Mr. Shabazz should have been removed from the sex registry list. Defendants breached their duty to apply the laws of the state, which forbid application of ex post facto laws, to Maryland citizens on the sex registry list.

92. As a direct result of Defendants' breach of that duty, Mr. Shabazz remained on the sex registry list for three additional years causing added foreseeable injury to Mr. Shabazz's reputation, as well as his mental and physical health.

**COUNT FOUR**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
(*Harris v Jones*, 380 A. 2d 611)
(MARYLAND TORT CLAIMS ACT §12-101)
Defendants – MDDPSCS, Elizabeth Bartholomew, Carolyn Shelton

93. Plaintiff incorporates paragraphs 1–92 as if alleged herein.

94. Placement on the sex registry list carries with it extreme consequences.

95. People who find themselves on the sex registry list have had to live under bridges outside of city limits, such is the stigma attached to the list.

15

96. Defendants acted recklessly by ignoring Mr. Shabazz's continued entreaties to be removed from the list both before, and especially after, the *Doe* ruling in 2013.

97. Given what is at stake when someone has a long and continued presence on a sex registry list, including irreparable damage to one's reputation and accompanying societal stigma (*e.g.*, Mr. Shabazz's registry status can still be found on the Internet), Defendants' continuous ignoring of Mr. Shabazz's entreaties to be removed from the list once it was determined that presence on the list could not be legally justified, is conduct that shocks the conscious.

98. Defendants' wrongful conduct kept Mr. Shabazz on the sex registry list for six years longer than necessary, and certainly 3 years longer than anyone could possibly try to explain, causing Mr. Shabazz unimaginably severe harm and emotional distress.

**COUNT FIVE**
**NEGLIGENT SUPERVISION**
(*Fidelity First v Williams*, 56 A.3d 501)
(MARYLAND TORT CLAIMS ACT §12-101)
Defendants – MDDPSCS, Carolyn Shelton

99. Plaintiff incorporates paragraphs 1–98 as if alleged herein.

100. Repeatedly, after 2013 and the *Doe* ruling, Mr. Shabazz attempted to remove himself from the Maryland sex registry list, sending correspondence to Ms. Bartholomew, Ms. Shelton, and other employees at MDDPSCS.

101. These attempts by Mr. Shabazz were consistently ignored.

102. MDDPSCS ignored the wrongful conduct of Ms. Bartholomew, Ms. Shelton, and other employees at MDDPSCS by turning a blind eye to Mr. Shabazz's requests for removal from the sex registry list.

103. In fact, it was not until a motion for Declaratory judgment was filed in court, which defendants did not respond to, that Mr. Shabazz was removed from the sex registry list.

104. Even then Mr. Shabazz was told his removal was because he did not "meet the residency requirements" at the time of the offense according to Defendants. (Exhibit H)  However, in their capacities as employees of the State of Maryland, Ms. Bartholomew and Ms. Shelton knew that the "residency requirements" in 2016 were the same ones that existed in 2010 when they illegally forced him to register, and they knew that Mr. Shabazz was living at the same address during the entire time he was on the registry.

105. Upon information and belief, Ms. Bartholomew and Ms. Shelton have a previous record of ignoring complaints from Maryland citizens improperly kept on the sex registry list.

106. Upon information and belief, MDDPSCS and Ms. Shelton have routinely ignored and covered for the wrongful conduct performed by Ms. Bartholomew while acting within the scope of her employment.

107. Therefore, MDDPSCS is liable for punitive damages stemming from the wrongful conduct of employees MDDPSCS negligently supervised and retained including the wrongful and malicious conduct of Ms. Bartholomew.

**COUNT SIX**
**LIBEL**
(*Jacron Sales Co. v. Sindorf*, 350 A. 2d 688)
(MARYLAND TORT CLAIMS ACT §12-101)
Defendants – MDDSPSCS, Elizabeth Bartholomew, Carolyn Shelton, and Michael Parker

108. Plaintiff incorporates paragraphs 1–107 as if alleged herein.

109. By keeping Mr. Shabazz on the sex registry after 2013, Defendants represented to the world that Mr. Shabazz was a sex offender belonging on the sex registry when he was not.

110. After 2013, Defendants knew or should have known Mr. Shabazz did not belong on the sex registry.

111. After 2013, Defendants acted recklessly in disregard of the fact Mr. Shabazz did not belong on the sex registry because Defendants repeatedly ignored all evidence presented by Mr. Shabazz that he should be removed from the sex registry.

112. Furthermore, Defendants were negligent in failing to ascertain, as a legal matter, whether Mr. Shabazz should be removed from the sex registry list.

113. Additionally, as a condition of his placement on the sex registry list, every six months Michael Parker handed out flyers to Mr. Shabazz's neighbors notifying them that he was a registered sex offender classified as a pedophile when pedophilia was never a part of the underlying charges leading to Mr. Shabazz's registration.

114. Mr. Parker handed out flyers in Mr. Shabazz's neighborhood until he was removed from the sex registry list in 2016, nearly 3 years after it was abundantly clear Mr. Shabazz should have been removed from the registry.

115. As a direct result of Defendants' libelous publications, Mr. Shabazz has suffered predictable harm, including harm to his reputation and mental, physical, and emotional health.

**COUNT SEVEN**
**CONSPIRACY**
**(**42 U.S.C. §1985**)**
Elizabeth Bartholomew and Carolyn Shelton

116. Plaintiff incorporates paragraphs 1–115 as if alleged herein.

117. In keeping Mr. Shabazz on the list after 2013, two or more persons from MDDPSCS, including but not limited to, Elizabeth Bartholomew, Carolyn Shelton, and Michael Parker,

conspired to deprive Mr. Shabazz of several laws constituted under Maryland's statutory, common law, and constitutional regimes.

118. MDDPSCS, Ms. Bartholomew, and Carolyn Shelton were so malicious in their treatment of Mr. Shabazz because he was African-American and Muslim. Upon information and belief, to this day, there are many registrants on the list that should be removed pursuant to the *Doe* ruling and the vast majority is African-Americans despite African-Americans making up a minority of the state of Maryland.

**RELIEF REQUESTED**

**WHEREFORE**, Mr. Shabazz respectfully requests the following relief:

A. That this Court determine that Mr. Shabazz prevails on all counts of the Complaint;

B. That this Court determine that Defendants have damaged Mr. Shabazz grievously and continuously since December 28, 2010 and up to this very day;

C. That this Court order Defendants to pay Mr. Shabazz $65 million in compensatory damages for violations of each of the seven counts in the complaint and for hardship, pain, emotional suffering;

D. That Mr. Shabazz be awarded punitive damages from Defendants, *inter alia*, for intentionally, maliciously, and illegally conspiring to force Mr. Shabazz to register as a sex offender in 2010, for intentionally, maliciously, and illegally conspiring to deny his repeated requests to be removed from the registry (even when presented with the evidence that they should not have placed him on the registry), for intentionally, maliciously, and illegally conspiring to keep him on the registry even after *Doe* in 2013 provided a second legal basis for why he should not have been on the registry, for intentionally, maliciously, and illegally conspiring to refuse to remove Mr. Shabazz from the registry until a court hearing loomed before

them in 2016, and for intentionally, maliciously, and illegally defaming and libeling Mr. Shabazz by lying about what he had been convicted of, labelling him a pedophile, and posting such falsehoods on the Internet and passing out such falsehoods to his neighbors;

    E.  That Mr. Shabazz be awarded attorneys' fees and court costs;

    F.  That Mr. Shabazz be given a letter of apology from all Defendants;

    G.  That Mr. Shabazz be awarded such additional relief as the Court deems just.

    H.  That Mr. Shabazz be granted a jury trial on this Complaint.

Aristotle Theresa
1604 V St SE
Washington DC, 20020
Bar No 1014041
202-651-1148
ACTheresa@STOOPLAW.com

*Attorney for Mahdi M. Shabazz*
1928 Wallace Avenue
Silver Spring, MD 20902

# Exhibit A

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

United States of America
Vs.

**MAHDI MUHAMMAD**
__SHABAZZ__
DOB:12/24/1961

JUDGMENT IN A CRIMINAL CASE
(Incarceration / Probation)

Case No. **2010 DVM 001528**

PDID No. __477656__
DCDC No.

THE DEFENDANT HAVING BEEN FOUND GUILTY ON THE FOLLOWING COUNT(S) AS INDICATED BELOW:

| Count | Court Finding | Charge |
|---|---|---|
| 1 | Trial By Court-Guilty | Sex Abuse- Misd |
| 2 | Trial By Court-Guilty | Simple Assault |

### SENTENCE OF THE COURT

Count 1 - Sex Abuse- Misd  Sentenced to 180 day(s) incarceration. execution of sentence suspended as to all but 12 day(s) concurrent with Count 2. *Supervised Probation for 18 month(s) concurrent with Count 2. $50.00 VVCA, VVCA Due Date 02/10/2011 as condition of probation.

Count 2 - Simple Assault Sentenced to 180 day(s) incarceration. execution of sentence suspended as to all but 12 day(s) concurrent with Count 1, *Supervised Probation for 18 month(s) concurrent with Count 1. $50.00 VVCA, VVCA Due Date 02/10/2011 as condition of probation.

Defendant stepped back.



The defendant is hereby committed to the custody of the Attorney General to be incarcerated for a total term of __12 days__ . MANDATORY MINIMUM term of _____ applies.

The Court makes the following recommendations to the Bureau of Prisons/Department of Corrections:

Defendant is hereby ordered placed on probation - See Page 2 of this Order for Conditions of Probation; *upon release from either the courtroom or incarceration, Defendant must report to 300 Indiana Avenue, NW, __Room 2070__, Washington, DC, by the next business day after release from jail or prison.*

Total costs in the aggregate amount of $ __100.00__ have been assessed under the Victims of Violent Crime Compensation Act of 1996, and ☐ have ☑ have not been paid. ☐ Appeal rights given ☐ Gun Offender Registry Order Issued

☐ Advised of right to file a Motion to Suspend Child Support Order ☐ Sex Offender Registration Notice Given

☐ Domestic violence notice given prohibiting possession/purchase of firearm or ammunition

☐ In addition to any condition of probation, restitution is made part of the sentence and judgment pursuant to D.C. Code § 16-711.

12/10/10
Date

STUART G NASH
Judge

Certification by Clerk pursuant to Criminal Rule 32(d)

12/10/10
Date

Regina E. Candler
Deputy Clerk

Received by DUSM: M.L. Badge#: Signature: Date: 12/10/10 Time:
Printed Name

CDJCSPLIT.doc

Judgment Page 2 of 2

CASE NUMBER:  **2010 DVM 001528**
DEFENDANT:   **MAHDI MUHAMMAD SHABAZZ**



The Defendant is hereby placed on *Supervised Probation for a term of **18 month(s)**

## GENERAL CONDITIONS OF PROBATION

1. Obey all laws, ordinances, and regulations.
2. Report to CCOSA today and then for all appointments scheduled by your Community Supervision Officer (CSO).
3. Permit your CSO to visit your place of residence.
4. Notify your CSO within one business day of (A) an arrest or questioning by a law enforcement officer, (B) a change in your residence, or (C) a change in your employment.
5. Obtain the permission of your CSO before you relocate from the District of Columbia.
6. Do not illegally possess or use a controlled substance or any paraphernalia related to such substances (you may take lawfully prescribed medication). You must not frequent a place where you know a controlled substance is illegally used or distributed.
7. You must drug test at the discretion of CSOSA. In the event of illicit drug use or other violation of conditions of probation, participate as directed by your CSO in a program of graduated sanctions that may include periods of residential placement or services.
8. Participate in and complete CSOSA's employment/academic program, if directed by your CSO.
9. Participate in and complete other CSOSA's programs as identified through CSOSA's risk and needs assessment.
10. Satisfy all court imposed financial obligation(s) (fines, restitution, Victim of Violent Crime Act assessments, etc.) to which you are subject. You must provide financial information relevant to the payment of such a financial obligation that is requested by your CSO. A payment plan will be established by your CSO so that you will be in a position to pay your court imposed financial obligation(s) within 90 days prior to the termination of your probation.

## SPECIAL CONDITIONS OF PROBATION

1. Cooperate in seeking and accepting medical, psychological or psychiatric treatment in accordance with written notice from your CSO.
2. Restitution of $ _____ in monthly installments of $ _____ beginning _____
   ☐ The Court will distribute monies to: _____
3. ☐ You are to stay away from the person(s) and or address(es) listed below: _____

   ☐ You are to stay away from the following places or area(s): _____

You are not to have contact with any of the persons named above. You must remain at least 100 yards away from them, their home, and/or their places of employment. You are not to communicate, or attempt to communicate with any of these persons, either directly or through any other person, by telephone, written message, electronic message, pager, or otherwise, except through your lawyer.

### 4. Other Special Conditions:
Stay Away From: Tamara Hall
Stay Away From: TD Bank, 901 7th St NW, Washington, DC

CDICSPLIT.doc

# Exhibit B



**Court Services and Offender Supervision Agency**
**for the District of Columbia**

*Community Supervision Services*
*Branch V, Team 5*

## Alleged Violation(s) Report

10/4/2011

**To:**    The Honorable Stuart Nash

Superior Court for the District of
Columbia

500 Indiana Avenue NW
Washington , DC 20001



| | | **Unit:** | Branch V, Team 5 |
|---|---|---|---|
| **From:** | Jennifer Counts<br>Community Supervision Officer | | |
| **Subject:** | Non-Compliance with Probation | | |
| **Docket:** | 2010-DVM-001528 | | |
| **Offender:** | Mr. Mahdi Muhammad Shabazz | | |
| **Address:** | 1928 Wallace Ave<br>Silver Spring, MD 20902 | | |
| **FEDREG #:** | N/A | | |
| **FBI #:** | 595208XA3 | | |
| **DCDC #:** | 312-049 | | |
| **PDID #:** | 477-656 | | |
| **CSOSA#:** | 203184 | | |

**Supervision Level:** Minimum
**Action Recommended:** Show Cause Hearing

Feb-07-2012 09:56 PM SAO Family Justice Center 240-777-7490

34/42



Court Services and Offender Supervision Agency
for the District of Columbia
Community Supervision Services
Offender Processing Unit

## SEX OFFENDER REGISTRATION INITIAL CONTACT SHEET

SORS: _Stokes_

Initial Contact Date: _12/22/10_

Conviction: _Misd Sex Abuse_  Jurisdiction of Conviction: _DC_

# Exhibit C

## OFFENDER INFORMATION

Last Name: _Shabazz_  First: _Mahdi_  Middle: _Muhammad_

DOB: _12/24/61_  SSN: _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_  Sex: _M_  Race: _B_  Ht: _6'3'_  Wt: _246_

Home Address: _1928 Wallace Ave; Silver Spring, MD 20902_

Work: _____

School: _____

Home #: _3/949-4433_  Cell #: _202-747-4376_  Other #: _____

CSO: _____  Phone #: _____

Full Term Expiration: _____

Offender Signature: _Mahdi M Shabazz_

Notes: _Call MD SOR - Det Lipton 240-773-5414_
_or_
_Det Parker 240-773-5416._

300 Indiana Avenue, NW, Suite 2070, Washington, DC 20001
Voice: (202) 585-7482 for SORS Stephanie Gray or (202) 585-7531 for SORS Yolanda Stokes
Fax: (202) 585-7306

P31

## Yolanda Stokes

| | |
|---|---|
| From: | Yolanda Stokes |
| Sent: | Wednesday, December 22, 2010 3:16 PM |
| To: | Lipton, Shelley' |
| Subject: | Mahdi Shabazz |
| Attachments: | 01FB5292.pdf |

Hey there,

Our fax is down, this offender is not required to register now for DC, we aren't under Adam Walsh, but MD is so here are his documents. Please let me know

Thanks,

Have a great holiday!!!

*Yolanda Stokes*
*Sex Offender Registry Specialist*
**Sex Offender Registry for the District of Columbia**
300 Indiana Avenue, NW
Room 2070
Washington, DC 20001
202-585-7531 (*office*)
202-585-7306 (*fax - secure*)

# Exhibit D

12/22/2010

Case 1:17-cv-00476-RCL   Document 1   Filed 03/15/17   Page 26 of 44



**Court Services and Offender Supervision Agency
for the District of Columbia**

*Community Supervision Services*

GS-009

SUPERVISION REPORT (PINK COPY-OFFENDER/ WHITE COPY-FILE)

| OFFENDER NAME: | Male ☐  Female ☐ | DATE: |
|---|---|---|

| ☐ Parole | ☐ Probation | COMMUNITY SUPERVISION OFFICER: |
|---|---|---|

**ADDRESS INFORMATION** (Has this information changed since last report? ☐ Yes ☐ No ):

| Address: | Telephone: |
|---|---|

| Persons Living with You: | Date Moved (if moved during the month): |
|---|---|

Mailing Address (if different from above):

**EMPLOYMENT INFORMATION** (Has this information changed since last report? ☐ Yes ☐ No ):

If unemployed, list means of support:

| Employer Name: | |
|---|---|
| Address: | Telephone: |
| Job Title: | Gross Pay: |

How many days did you miss work?          Why?

Did you bring proof of employment or legal income? ☐ Yes (attach) ☐ No          Did you change jobs? ☐ Yes ☐ No

**SCHOOL/PROGRAM INFORMATION** (Has this information changed since last report? ☐ Yes ☐ No)

Are you involved in a school, drug, alcohol, or self help program? ☐ Yes ☐ No   If yes, indicates below.

| Program/School: | Counselor/Teacher: |
|---|---|
| Address: | Telephone: |
| Program/School: | Counselor/Teacher: |
| Address: | Telephone: |

| Do you own or drive a vehicle? ☐ Yes ☐ No | Year: | Make: | Color: | Tag #: | Owner: |
|---|---|---|---|---|---|

**COURT/REARREST INFORMATION** (Have you been arrested or named a defendant in any criminal case? ☐ Yes ☐ No)

| Date of Arrest: | Place of Arrest: | Charge: | Next Court Date: |
|---|---|---|---|
| Disposition: | Bond Status: | Attorney Name & Telephone: | |

Did you possess or use any illegal drugs? ☐ Yes ☐ No   If yes, type of drug:

Registered Sex Offender ☐ Yes   ☐ No   ☐ N/A

| ANY FALSE STATEMENTS MAY RESULT IN REVOCATION OF RELEASE. | I certify that all information is complete and correct. SIGNATURE: |
|---|---|

| OFFICIAL USE ONLY | PDID #:_____-DCDC_____-AO_____ | Next Appointment Date: |
|---|---|---|
| Type of Visit: | Supervision Level: | Docket #: |

CSO Notes and Instructions:     ☐ Situation Unchanged     ☐ Referral Today to:

report + register in MD on /8/8/14 @ 11:5am Rockville Police
1451 Seven Oaks rd Rockville MD (240)773-5745

| CSO Signature: | ☐ Team | CSO Telephone: |
|---|---|---|

Feb-07-2012 09:56 PM SAO Family Justice Center 240-777-7490

33/42



**Court Services and Offender Supervision Agency**
**for the District of Columbia.**
*Offender Processing Unit – Branch VIII*
*Sex Offender Registration*

### FACSIMILE TRANSMITTAL SHEET

| | |
|---|---|
| TO: MD 58R | FROM: Yolanda Stokes |
| | *Sex Offender Registry Specialist* |
| FAX NUMBER: 240 – 773 – 5405 | DATE: 12/22/10 |
| PHONE NUMBER: 240 – 773 – 5414 | RETURN PHONE NUMBER: 202-585-7531 |
| | RETUREN FAX NUMBER: 202-585-7306 |
| RE: | CONFIDENTIAL INFORMATION |

Total Number of Pages:

☐ URGENT   ☐ FOR YOUR INFORMATION   ☐ FOR REVIEW   ☐ PLEASE REPLY   ☐ PLEASE SHRED ONCE FINISHED

**☑ ** If not required to register in your jurisdiction, please send/fax correspondence stating *"REGISTRATION IS NOT REQUIRED IN OUR JURISDICTION"*.

NOTES/COMMENTS:

Fax Down

*300 Indiana Avenue, NW, Suite 2070, Washington, DC 20001*
*Phone: 202-585-7531; Fax: 202-585-7306.*

P30

FEB-23-2012  12:05

# Exhibit E

January 16, 2012

Nancy M. Ware
Director
CSOSA
633 Indiana Avenue, NW
Washington, DC 20004-2902

Dear Ms. Ware:

My name is Mahdi Shabazz and I am currently registered with the State of Maryland as a Sex Offender. My D.C. Superior Court case number is 2010-DVM 1528. I am writing today to ask you to remove my name from the registry. I have attached three documents for your review. Document (A) D.C. Superior Court Sentencing Document; Document (B) A copy of Leslie Olafisoye, Appellant vs. United States, Appellee – refer to page 4 #10; and Document (C) D.C. Code Sections 22-4014 & 22-4016.

Before you review the attached documents, I would like for you to know that since the beginning of this case and my association with CSOSA, I complained to many CSOSA officials (Thomas Williams and Adriene Poteap) on numerous occasions about the treatment that I received from CSOSA employee Jennifer Counts. Ms. Counts is the individual who told me that I had to register as a Sex Offender, she harassed me from day one and, I truly believe, tried to ruin my life. Ms. Counts, as an officer of the Agency knew the rules as they relate to the Sex Offender Registry and yet she made it her mission to ruin my life. I have suffered, my family has suffered and my work has suffered. I lost custody of my son, almost lost my home and my ability to generate income has been significantly reduced. Due to her incompetence and desire to maliciously inflict pain on me, I have retained legal counsel and intend to seek remuneration for all of my pain and suffering and lost wages. This type of negligence and gross misconduct should not be expected from a Civil Servant.

It is my hope that after you review the attached documents, you move to immediately strike my name from the Sex Offenders Registry.

**Per Document (A)** You will see that registering as a sex offender was not part of any plea agreement that I made with D.C. Superior Court / Judge Stewart Nash of the D.C. Superior Court Criminal Division.

**Per Document (B)** I refer you to page 4 #10 which states:

### [**10]  B. *Sex Offender Registration*

*Appellant also claims that his conviction of misdemeanor sexual abuse required him to register as a sex offender under D.C. Code ß 22-4014 and thus elevated his crime from "petty" to "serious," thereby necessitating a jury trial. Once again appellant misreads the relevant statute. Under D.C. Code ß 22-4016 (b)(3) (2001), a "misdemeanor offense committed against an adult" does not require registration unless sex offender registration was part of a plea agreement. Because Ms. Cilaire was a forty-two-year-old adult, and because appellant's conviction did not involve a plea bargain of any kind, his conviction imposes no obligation on him to register.*

**Per Document (C)** I refer you to D.C. Code Section 22-4014 and Section 22-4016 which state:

**Section 22-4014** *provides in pertinent part that "during the registration period, a sex offender shall, in the time and manner specified by the Agency:  (1) register with the Agency [i.e, the Court Services and Offender Supervision Agency ("COSOA") as a sex offender.] (4) [periodically verify address and such other registration information as the Agency may specify, including complying with any requirements to return address verification forms or appear in person for the purpose of verification.] and (5) [report if the sex offender is moving to another state, or works or attends school in another state, and register in any such state.], see also 6 DCMR A410.1 (d) and A411.2 (each providing, in pertinent part that (a) sex offender shall report to the Agency if the sex offender is moving to another state.]*

**Section 22-4016 (b) (3) (2001)**, *a misdemeanor offense committed against and adult" does not require registration unless sex offender registration was part of a plea agreement.*

After you review the documents, if you have any questions or concerns, please contact Ms. Geraldine Owens, my attorney of record for this request at (202) 271-9535.  If you can't reach Ms. Owens, please ask for David Lang, her assistant.

Sincerely,

Mahdi M. Shabazz
1928 Wallace Avenue
Silver Spring, MD 20902
202.747.4336

*such state.], see also 6 DCMR A410.1 (d) and A411.2 (each providing, in pertinent part that (a) sex offender shall report to the Agency if the sex offender is moving to another state.]*

**Section 22-4016 (b) (3) (2001)**, *a misdemeanor offense committed against and adult" does not require registration unless sex offender registration was part of a plea agreement.*

After you review the documents, if you have any questions or concerns, please contact Ms. Geraldine Owens, my attorney of record for this request at (202) 271-9535. If you can't reach Ms. Owens, please ask for David Lang, her assistant.

Ms. Bartholomew, I ask that you expeditiously review the documents and move speedily to remove my name from the Maryland State Registry of Sex Offenders.


Sincerely,

Mahdi M. Shabazz
1928 Wallace Avenue
Silver Spring, MD 20902
202.747.4336



**Court Services and Offender Supervision Agency
for the District of Columbia**

Community Supervision Services
Office of the Associate Director

February 2, 2011

Mr. Mahdi Shabazz
1928 Wallace Avenue
Silver Spring, MD  20902

RE: CSOSA Supervision

Dear Mr. Shabazz

This letter is to acknowledge receipt of your correspondence to me dated January 11, 2011.  In your letter, you complained about the treatment you received from your Community Supervision Officer (CSO) Jennifer Counts, and you classified the CSO's treatment of you as being harassment.  Moreover, you indicated in your letter that the CSO made unreasonable demands of you, and that she was rude towards you.  I have reviewed your case and have spoken with several members of my staff.  It is my understanding that CSO Counts was verifying several requirements with you in the process for transferring your case to the State of Maryland; your legal residence.

My staff is not trained to be rude, disrespectful, or to harass persons whom we are charged to supervise.  What you have characterized as harassing behavior from CSO Counts is the first complaint received by me and her supervisors.  CSO Counts has a demonstrated pattern of professionalism with those whom she is charged to supervise.  I have made note of your complaint for future reference.

A further review of your case reveals that you have filed an appeal of your conviction.  However, it has been determined by review of the appellant documents that the requirements for supervision were not stayed by the Court.  As you are a Maryland resident, your case has been transferred and accepted for supervision by the Maryland Division of Parole & Probation.  It is my understanding that you have been contacted by Maryland officials regarding your continued supervision; consequently, you will not be required to report to this Agency for supervision.

Until a final decision is rendered by the Court specific to your appeal filing, you have an obligation to the sentencing Judge.  The State of Maryland, Division of Parole & Probation, is the supervision authority for your case at this time.  The Division of Parole & Probation will report periodically to staff responsible for your case until case closure.

I wish you luck with regards to your future endeavors.

Sincerely,

Thomas H. Williams
Associate Director

300 Indiana Avenue, NW, 2ⁿᵈ Floor, Suite 2132, Washington, DC  20001
Voice: (202) 585-7224 Fax: (202)585-7374

# Exhibit F



## Department of Public Safety and Correctional Services

### Information Technology & Communications Division

Criminal Justice Information Systems – Central Repository

Post Office Box 5743 • Pikesville, Maryland 21282-5743

Main № 410-585-3100 • Facsimile № 410-764-4035 • www.dpscs.maryland.gov

STATE OF MARYLAND

MARTIN O'MALLEY
GOVERNOR

ANTHONY G. BROWN
LT. GOVERNOR

GARY D. MAYNARD
SECRETARY

G. LAWRENCE FRANKLIN
DEPUTY SECRETARY
ADMINISTRATION

J. MICHAEL STOUFFER
DEPUTY SECRETARY
OPERATIONS

DAVID N. BEZANSON
ASSISTANT SECRETARY
CAPITAL PROGRAMS

RONALD C. BROTHERS
CHIEF INFORMATION
OFFICER

C. KEVIN COMBS
DEPUTY CHIEF
INFORMATION OFFICER

CAROLE J. SHELTON
DIRECTOR

March 15, 2012

Mandi Shabazz
1928 Wallace Avenue
Silver Spring, Maryland 20902

Re:  Request for Review of Registration Tier

Dear Mr. Shabazz:

The Sex Offender Registry received your request to have your registration term reviewed. After a review of the court records the Sex Offender Registry Unit has determined that the criminal offense is substantially similar to Criminal Law Article, § 3-308, Annotated Code of Maryland. In accordance with Criminal Procedure Article, § 11-701(o)(3), Annotated Code of Maryland your criminal conviction for Misdemeanor Sexual Abuse will be classified as a Tier I sexual offense. Regardless or your registration responsibilities in any other jurisdiction you must continue to register for a 15 year term while you live in Maryland. Failure to do so could result in a warrant for your arrest. Your next reporting date will occur in May 2012. Please contact your local law registration unit for instructions.

Sincerely,

Elizabeth Bartholomew
Manager, Maryland Sex Offender Registry

cc: Prince George's County Police Department

# Exhibit G

**David, Traci M.**

| | |
|---|---|
| From: | Bartholomew, Elizabeth |
| Sent: | Monday, September 10, 2012 2:57 PM |
| To: | David, Traci M. |
| Subject: | RE: 4th Degree Sex Offense and the Registry and DC Court this week - Mahdi Shabazz |

Hey there Traci,

I can't come on Wednesday. I'm sorry, I have to be at the Sex Offender Advisory Board meeting and, honestly, I'd rather be sued than go to that meeting! Don't worry though; he can't sue you or anyone else. We all have immunity from prosecution unless we are negligent. And we haven't been.

Mr. Shabazz is required to register as a Tier I offender because he was convicted in another jurisdiction of a sex offense substantially similar to an offense under: Criminal Law Article, § 3-308(b)(1), AMC. He touched another person's genitals (bit her breast) in order to sexually abuse the person.

Let me know if you need anything else and how it goes.

E

Article - Criminal Procedure §11–704. Registration required.

(a) A person shall register with the person's supervising authority if the person is:

(1) a tier I sex offender;

Article - Criminal Procedure §11–701. Definitions.

(o) "Tier I sex offender" means a person who has been convicted of:

(1) conspiring to commit, attempting to commit, or committing a violation of § 3–308 of the Criminal Law Article;

(2) conspiring to commit, attempting to commit, or committing a violation of § 3–902 or § 11–208 of the Criminal Law Article, if the victim is a minor;

(3) a crime committed in a federal, military, tribal, or other jurisdiction that, if committed in this State, would constitute one of the crimes listed in item (1) or (2) of this subsection;

Criminal Law Article§ 3-301. Definitions.

(f) Sexual contact.-

(1) "Sexual contact", as used in §§ 3-307, 3-308, and 3-314 of this subtitle, means an intentional touching of the victim's or actor's genital, anal, or other intimate area for sexual arousal or gratification, or for the abuse of either party.

Criminal Law Article § 3-308. Sexual offense in the fourth degree.

(b) Prohibited.- A person may not engage in:

(1) sexual contact with another without the consent of the other;

**From:** David, Traci M.
**Sent:** Monday, September 10, 2012 9:42 AM
**To:** Bartholomew, Elizabeth
**Cc:** David, Traci M.
**Subject:** 4th Degree Sex Offense and the Registry and DC Court this week - Mahdi Shabazz
**Importance:** High

Please send me information about the 4th degree prior to the law change and current. I need the law. Also, will you be able to accompany me to court on Wednesday in DC. This is going to be a big case and he is planning to sue folks so I am nervous about his situation.

*T. David*

Traci David, Agent Senior
Community Supervision - Northern Region
MD Department of Public Safety & Correctional Services
979 Rollins Avenue
Rockville, MD 20852
Office 301-998-6723
Main  301-998-6700
Cell   240-274-8170
Fax   301-231-7391
TDavid@dpscs.state.md.us



**Mahdi M. Shabazz**
1928 Wallace Avenue
Silver Spring, Maryland 20902

# Exhibit H

November 7, 2013

Carole J. Shelton, Director
Maryland Sex Offender Registry
Post Office Box 5743
Pikesville, Maryland 21282

     Re:    Request for termination of registration

Dear Ms. Shelton:

     I am writing to you regarding the State of Maryland's requirement that I register as a sex offender based on my conviction on one count of misdemeanor sexual abuse in the District of Columbia in 2010 (Case No. 2010 DVM 001528). I previously raised this issue and received a letter from Elizabeth Batholomew dated March 15, 2012 stating that "[a]fter a review of the court records the Sex Offender Registry Unit has determined that the criminal offense is substantially similar to Criminal Law Article § 3-308, Annotated Code of Maryland." Accordingly, Ms. Bartholomew stated that I was required to register under § 11-701(o)(3) of the Criminal Procedures Article.

     The Sex Offender Registry Unit's review of my case could only have been very superficial because the only allegation in that case of any sexual contact was that I allegedly bit the victim on the upper chest. I have enclosed a copy of the exhibits from that case showing the site of the alleged bite. Section 3-308(b)(1) prohibits sexual contact without the consent of the other person. "Sexual contact" is defined in § 3-301(f)(1) as an intentional touching of a person's "genital, anal, or other intimate area." As you can see from the exhibits, the site of the alleged bite was not in an area that would be deemed an "intimate area" comparable to a person's genital or anal areas. For this reason, Maryland may not require me to register as a sex offender. I demand that my registry be terminated immediately.

     Under the terms of the Interstate Compact for Adult Offender Supervision, a sending state may transfer supervision of a sex offender to another state, but the Compact does not require me to register in Maryland unless I was already registered in the District of Columbia. Therefore, the District of Columbia had no right to transfer me to Maryland as a sex offender because I was not required to register as a sex offender in the District of Columbia. Section 22-4016(b)(3) of the DC Code states that a "registration offense" does not include a misdemeanor conviction, where the victim was an adult, unless the defendant agreed to register under the terms of a plea agreement. In my case, I was only convicted of a misdemeanor and there was no plea agreement. Accordingly, the court did not require me to register in the District of Columbia

     I would also point out that the exiting registry contains incorrect information that is not supported by any part of the record of my conviction in the District of Columbia. Therefore, the

1

listing is in violation of Maryland law. This misinformation must be corrected immediately. Over the past three years, this misinformation has caused me great personal harm despite my earlier requests that the registration be corrected.

If you need any additional information from the District of Columbia proceeding, please let me know. I look forward to hearing from you soon that you have given these matters detailed consideration and taken the necessary steps to comply with Maryland law.

Sincerely,

Mahdi M. Shabazz

cc:   Martin O'Malley, Governor
      Anthony G. Brown, Lt. Governor
      Gary D. Maynard, Secretary
      G. Lawrence Franklin, Deputy Secretary
      J. Michael Stouffer, Deputy Secretary
      David N. Bezanson, Assistant Secretary
      Ronald C. Brothers, Chief Information Officer
      C. Kevin Combs, Deputy Chief Information Officer

2

**Mahdi M. Shabazz**
1928 Wallace Avenue
Silver Spring, Maryland 20902

January 7, 2014

Carole J. Shelton, Director
Maryland Sex Offender Registry
Post Office Box 5743
Pikesville, Maryland 21282

     Re:    Request for termination of registration

Dear Ms. Shelton:

On November 7, 2013, I sent you a letter regarding termination of my sex reistry. To date, I have not received any response, or even an acknowledgment that you received my letter. Please call me at 202-660-2878 to let me know whether you received the letter, and if so, when I might expect a written response.

Sincerely,

Mahdi M. Shabazz

cc:    Martin O'Malley, Governor
       Gary D. Maynard, Secretary

1

Exhibit H



# Department of Public Safety and Correctional Services

## Information Technology & Communications Division

Criminal Justice Information Systems – Central Repository

Post Office Box 5743 • Pikesville, Maryland 21282-5743

Main №: 410-585-3100 • Facsimile №: 410-764-4035 • www.dpscs.maryland.gov

STATE OF MARYLAND

LARRY HOGAN
GOVERNOR

BOYD K. RUTHERFORD
LT. GOVERNOR

STEPHEN T. MOYER
SECRETARY

WILLIAM G. STEWART
DEPUTY SECRETARY
ADMINISTRATION

J. MICHAEL ZEIGLER
DEPUTY SECRETARY
OPERATIONS

RHEA L. HARRIS
ASSISTANT SECRETARY
PROGRAMS AND SERVICES

DAVID N. BEZANSON
ASSISTANT SECRETARY
CAPITAL PROGRAMS

C. KEVIN COMBS
CHIEF INFORMATION
OFFICER

ARTHUR C. RAY, III
DEPUTY CHIEF
INFORMATION OFFICER

CAROLE SHELTON
DIRECTOR

August 24, 2016

Mahdi Shabazz
1928 Wallace Avenue
Silver Spring, MD 20902

Re:    Registration Not Required in Maryland
Superior Court for District of Columbia - Case No. 2010DVM001528

Dear Mr. Shabazz:

Based on records from your conviction in the Superior Court for the District of Columbia, as well as, a comparison of Maryland and District of Columbia law, the Maryland Sex Offender Registry has determined that you do not meet all the criteria for registration in Maryland. The crime of *Sex Abuse - Misdemeanor* as described in *District of Columbia Annotated Code, 22 § 3006* (2001 ed.), is a registerable offense in this state and the docket entries in your Superior Court for District of Columbia - Case No. 2010DVM001528 reflect that your motion to remove the requirement to register as a sex offender was denied on June 11, 2013. However, Maryland cannot require registration because you did not meet the residency requirements at the time of the offense. Accordingly, your registration has been removed from the website and all associated databases.

Maryland is obligated to inform you that other States have different registration laws and you may be subject to registration in another jurisdiction. It is in your own best interest to check with local law enforcement every time you enter a new state.

If we can be of any further assistance, please do not hesitate to contact this office at 410-585-3600.

Sincerely,

Elizabeth Bartholomew
Manager, MD Sex Offender Registry

cc:    District of Columbia, CSOSA - SOR
Montgomery County Police Department
Traci David, Parole and Probation

# Exhibit I

## Nash, Stuart G.

| | |
|---|---|
| **From:** | McCabe, John F. |
| **Sent:** | Wednesday, May 09, 2012 6:44 PM |
| **To:** | Nash, Stuart G. |
| **Subject:** | Mahdi Shabazz |

Stuart

I believe you found this defendant guilty of misdemeanor sex abuse and simple assault based upon him kissing and biting a female bank teller. He is on probation, and you have a show cause hearing on May 25th.

I just finished a 3 day trial in which he was charged with misdemeanor sex abuse, simple assault, and contempt (allegedly phoning the complaining witness while D was on release pending trial). I found Mr. Shabazz not guilty of all 3 charges. However, as I stated while giving my verdict this afternoon, I credited the testimony of the complainant (a 21 year-old man who was 20 at time of incident, was in foster care system, and for whom defendant was a close friend and father figure until the incident on 5/4/11), that on 5/4/11, Mr. Shabazz (D) told the complaining witness (CW) that D would help CW get a new cell phone only if CW would have sexual intercourse with D, and that D then put his hand on the thigh of the CW. I found D not guilty (of misdemeanor sex abuse and simple assault) only because it was not clear if this incident took place in DC or in Maryland, as CW seemed unsure of where the incident occurred. In other words, I believed, beyond a reasonable doubt, that D did touch CW in an unwanted sexual manner (enough for simple assault, but not misdemeanor sex abuse b/c the touch was on thigh, but not inner thigh), but didn't find him guilty of simple assault b/c I couldn't find beyond a reasonable doubt that it happened in DC.

I found D not guilty of contempt because CW was also not entirely clear on the date of the phone call, and whether or not it was after the stay away order was issued.

Sorry that this is so long, but I was appalled by what I believed the D did to a vulnerable 20 year-old, who was very limited intellectually and was also very dependent on D, who had been a father figure, and had talked of adopting D, until this happened. I was especially concerned when, after the trial, I read the arrest warrant from your case (and the evidence set forth in the 23-110 motion). In addition, the D apparently works for some kind of non-profit "charitable" organization through which he seems to have potential contact with vulnerable youth such as the CW in my case. There was also testimony in my case of D trying to adopt or get custody of a 9 year-old boy, and my CW was very concerned about the safety of that child. I think that Neal Kravitz has a DR case involving the D and a child that is 10 years old.

I am heading out of town tomorrow as there was a death in my family, and I won't be back to the court until Tuesday, 5/15/12, but feel free to contact me if you have any questions.

John

1

# Exhibit J

ALTERNATIVE PRIMARY CARE. P.C.
Shelley L. Williams. M.D.
8241 Georgia Avenue, Suite 102, Silver Spring, MD 20910
(301) 589-9333

02/16/2017

To Whom It May Concern:
Re: Mahdi M, Shabazz

This patient has been in my practice for more than 15 years. His health seemed to decline in 2011. Several health issues that he never had before, started. He mentioned a stressful event that occured at the end of 2010.

After that event, he became depressed, and I placed him on a medication(Lexapro). His blood pressure, which only spiked occassionally, remained elevated. He was placed on Losartan for hypertension. He was also diagnosed with gout in the same year. Prior to starting Allopurinol for gout, his flare-ups were so painful, that he could not walk without a cane.

He had previously been diagnosed with lung cancer in 2007, this was in remission until 2011, when it returned. He was referred to the oncologist for further treatment.

Recently, he has started having pain in his right leg. Xrays were negative. This was later diagosed as neuropathy, and he is on Lyrica for this.

Emotional health plays a large part on physical health. Mr. Shabazz has suffered from depression ever since his legal issue, in December of 2010. Several health problems developed the following year. These health problems have made him more depressed. He sees a psychologist, and takes his medications, but the etiology seems to be stress.

Sincerely,

Provider: Shelley Williams MD 02/16/2017 12:34 PM

Document generated by: Shelley Williams 02/16/2017 12:34 PM

Mahdi M. Shabazz                          Date: February 14, 2017

**Bell Burton Institute of Counseling**
**Tressa Bell-Burton, MA, MBA, LCPC, LPC**
**Psychotherapist**
**14508 Elm Street, Upper Marlboro, MD 20772**
tbellburton@aol.com **(240)-281-8349**
Clinical Assessment/Mental Health Evaluation

Patient's Name: Mahdi M. Shabazz                          Date: February 14, 2017
Address:  City and State: 1928 Wallace Avenue, Silver Spring, MD  Zip: 20902
Telephone: 202-660-2878          Emergency contact: Gary Sandstrom 301-704-3424
D.O.B.: 12-24-1961          Evaluator: Tressa Bell-Burton, MA, MBA, LCPC, LPC

1. **Identifying Information:** Client is a 56 year old African American man. He is 6'1" and 243 pounds.

2. **Chief Complaint** and **History of Present Illness (Why Now?):** Mahdi was put on the Maryland State Sex Offender Registry unjustly. This event involved a serious threat to his physical integrity. His response caused him feelings of intense fear and helplessness. He has recurring distressing dreams of being on the Sex Offender Registry. He has persistent avoidance of stimuli associated with the trauma avoiding thoughts , feelings or conversations re: the event whenever he can. He also has feelings of detachment and less interest in previously significant activities he used to share with his family and friends. He has extreme difficulty falling and staying asleep. Mahdi is very irritable and has difficulty concentrating. He also is experiencing feelings of sadness and lack of motivation. The duration of these disturbances are deemed chronic and have persisted more than 3 months and has caused clinically significant distress and impairment in social, occupational and physical functioning.

3. **Past Psychiatric History/Treatment:** Client reports seeing a psychiatrist Dr. Frances Cress Welsing from 2014 until her death January 1, 2016. He was prescribed antidepressants which he took, and continues to take, now prescribed by his Primary Care Provider.
   **Inpatient:** No
   **Outpatient:** Yes

4. **Substance Abuse History**
   **CAGE SUBSTANCE ABUSE SCREENING TOOL**
   **1. Have you ever felt you should cut down your drinking or drug use?  X/No**
   **2. Have you ever been annoyed by questions about your drinking or drug use?  X/No**
   **3. Have you felt bad or guilty about your drinking or drug use? X/ No**
   **4. Have you ever needed any morning eye-opener? X/No**

5. **Medical History (last visit to physician, significant findings, current medication, prescribing physician, dosages, drug allergies, etc.)** He last visited a doctor within this week. He is prescribed Cyclobenzaprine, Lexapro and Losarran.

5a Mahdi is under the care of Dr. Shelley Williams, M.D. PCP, 8241 Georgia Avenue #102, Silver Spring, Maryland.

6. **Developmental History:** He reached all developmental milestones on time, or early, without delay. The age of onset of maturation was normal.

7. **Educational/Occupational History (Include Military Service):** Client completed high school and owned businesses of his own in the past.

8. **Social Functioning and History:** Client has good social skills. He is close with his family of origin.

9. **Family History:**  Mahdi's mother is deceased as of 2003 and his father in 1990. They were married 48 years and had 10 children together.

11. **Sexual Functioning and History:** Current and past history of healthy sexual functioning.

Tressa Bell-Burton, MA, MBA, LCPC, LPC
Phone: (240)281-8349  Fax: (301) 627-1564
Bell Burton Institute of Counseling

Mahdi M. Shabazz                                       Date: February 14, 2017

12.    **Legal History and Status:**
Previous legal problems in the past and present. On the Maryland State Sex Offender Registry, without just cause, from December 22, 2010 to August 24, 2016.

13.    **Mental Status:**

a:    **General Appearance/Behavior, psychomotor activity, speech:**
Mahdi was dressed in clothing appropriate to the season and weather. His behavior was within normal limits. He was normal in his movement and speech range. There was no psychomotor slowing apparent. His speech was without apparent pressure.

b.    **Level of consciousness, orientation, memory, concentration/attention, intellectual functioning:**
Mahdi was oriented times four to person, place, time and situation. He was able to concentrate and answer questions. His intellectual functioning appeared to be above average range.

c.    **Affect, mood:** His mood fluctuated appropriate to the conversation and his mood remained within normal range.

d.    **Hopelessness:**  Mahdi stated that he sometimes feels hopeless for the future and  feels sad.

e.    **Energy Level:** His energy level is low on most days.

f.    **Vegetative Signs (Insomnia/Hyper-somnia, Increased/Decreased Appetite):**
No vegetative signs were apparent. He reports no increase or decrease in appetite. There are  insomniac episodes nightly.

g.    **Thought process (delusional content, perceptual disturbances):**
Mahdi's thought processes were free of delusional content and no perceptual disturbances apparent.

h.    **Risk Assessment/Suicidal/Homicidal: ideation** ☒No; **intent** ☒No; **plan** ☒N; **means** ☒N
Client had no history of suicide, violence or assault attempts. There were no ideation, plans or intent at the time of this writing/evaluation.

i.    **Judgment/Insight:** His judgment and insight seemed to be intact.

14.    **Goals:** Mahdi is articulate and intelligent. His goal is to be free of oppressive PTSD symptoms and to be healthier overall.

15.    **Diagnosis per DSM V:**
F43.10  Post-traumatic Stress Disorder. Chronic
F33.9   Major Depressive disorder, recurrent. unspecified

16.    **Assessment/Formulation or Problem:** PTSD

17.    **Recommendations and Clinical Conclusions:**
Cognitive behavioral therapy, trauma focused and behaviorism modalities will be utilized in weekly counseling sessions  to address the issues of depression and PTSD.

18.    **Is referral to another provider indicated?  Yes** ☐              **No** ☒
**If yes, specify:**

Tressa Bell-Burton, MA, MBA, LCPC, LPC                    February 14, 2017
                                                         Date

Licensed Psychotherapist- LC2816 in Maryland

# Exhibit K

# Maryland SOR Search

Back to results
(javascript:history.go(-1);)

New Search (/sorSearch/search.do)

Warning - Do not use this information to unlawfully injure, harass, or commit a crime against any individual registry or residing or working at any reported address. Such action could result in civil or criminal penaltie

## Selected Registrant

# SHABAZZ, MAHDI MUHAMMAD

## Aliases:

Shabazz, Mahdi M • Shabaaz, Mahdi M

## Address Information

**Primary Residence :** 1928 Wallace Ave, Silver Spring MD 20902
**Date of Last Change of Address:** 12/28/2010

Notify me if the status changes

**Temporary Residence:** NA
**Employment Address:** NA
(http://www.vinelink.com/servlet/SubjectSearch?siteID=21999&agency=500&offenderID=6482702)
**School Address:** NA

Email

## Conviction Information

**Conviction Date:** 12/10/2010   **Location:** District Of Columbia, DC
**Charges:**

- 2 Counts Misdemeanor Sexual Abuse - Touched The Breast And Buttocks   (2 Counts Misdemeanor Sexual Abuse - Touched The Breast And Buttocks)

This criminal offense involved the forcible act of (http://www.dpscs.state.md.us/onlineservs/sor/sor_crimes_article.shtml#301e) sexual contact (http://www.dpscs.state.md.us/onlineservs/sor/sor_crimes_article.shtml#301f) . The offense was committed against a person who was under the care, authority, or supervision of the registrant. The registrant knew the victim. When the offense occurred the victim was an adult. The offender was 48 years of age. Court records for this case indicate that the registrant's sexually abusive behavior occurred once.

The Criminal Procedure Article, § 11-717, Annotated Code of Maryland states that, "The Department shall internet...in plain language that can be understood without special knowledge of the criminal laws of the St description of the crime of the offender that is the basis for registration, excluding details that would identif

## Custody/Supervision Information

Under Community Supervision
Agency: Rockville
(http://www.dpscs.state.md.us/locations/dpp_offices.shtml)

## Registration Information

Registration Status: COMPLIANT
Tier: Tier III Registrant
(http://www.dpscs.state.md.us/onlineservs/sor/frequently_asked_questions.sht
Information Contact: Montgomery County Police Department
(/onlineservs/sor/local_law_enforcement_agencies.shtml#mont)
Current Registration Date: 05/09/2013

## Demographic Information

Sex: Male
Date of Birth: 12/24/1961
Current Age: 51
Height: 6'03"
Weight: 246 lbs
Race: Black
Skin Tone: Dark
Eye Color: Brown
Hair Color: Unknown

## Vehicle Information

Vehicle #1: Black - Mazda *License Plate Number:* MD 1AB1336